Gehad Abdelrehim, Esq.
NY Bar: 6161780
DAVIS NDANUSA IKHLAS & SALEEM LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Email: gabdelrehim@dnislaw.com
*Pro Hac Vice Counsel for Plaintiff*

Ban Al-Wardi, Esq.
CA Bar: 204607
Law Office of Ban Al-Wardi
4030 Palos Verdes Drive North, Suite 200
Rolling Hills Estates, CA 90274
Tel: 310-544-9827
Email: ban@alwardilaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHMAT KHAN,<br><br>Plaintiff,<br><br>v.<br><br>Secretary of the U.S. Department of State MARCO RUBIO; Deputy Chief of Mission at the U.S. Embassy in Islamabad, Pakistan NATALIE A. BAKER; and Principal Deputy Assistant Secretary of the Bureau of Consular Affairs, U.S. Department of State JOHN ARMSTRONG,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT FOR DECLARATORY RELIEF** |

## PRELIMINARY STATEMENT

This civil action and complaint for a Writ of Mandamus and complaint under the Administrative Procedure Act ("APA") is brought by **RAHMAT KHAN** ("Plaintiff"), by and through undersigned counsel, to request an order directing Defendants **MARCO RUBIO, NATALIE A. BAKER** and **JOHN ARMSTRONG** ("Defendants") to adjudicate his visa petition for his spouse, Marya Khan ("Beneficiary" or "spouse"). Plaintiff states as follows:

## PARTIES

1. Plaintiff **RAHMAT KHAN** is a United States Citizen and the Petitioner in the foregoing spousal visa petition.
2. Defendant **MARCO RUBIO** is being sued in his official capacity as the Secretary of the U.S. Department of State, the agency charged with, *inter alia*, adjudicating consular filings and visa issuance, including Plaintiff's visa petition.
3. Defendant **NATALIE A. BAKER** is being sued in her official capacity as the Deputy Chief of Mission of the Pakistan, Islamabad embassy, the agency charged with, *inter alia*, adjudicating consular filings and visa issuance, including Plaintiff's visa petition.
4. Defendant **JOHN ARMSTRONG** is being sued in his official capacity as the Deputy Principal Deputy Assistant Secretary of the Bureau of Consular Affairs, U.S. Department of State, the agency charged with, *inter alia*, adjudicating consular filings and visa issuance, including Plaintiff's visa petition.

## JURISDICTION

5. This Court has jurisdiction in this civil action pursuant to 28 U.S.C. § 1346(b) (federal defendant), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343, 28 U.S.C. § 1361 (mandamus), 28 U.S.C § 1651 (issuance of writs), 5 U.S.C. § 704, 5 U.S.C. § 551 *et seq*. (Administrative Procedure Act), 5 U.S.C § 702 (right of review) and 5 U.S.C §

706 (scope of review).

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202. Injunctive relief is authorized by the Court's equitable powers and 5 U.S.C. § 705.

7. 28 U.S.C. § 1346(b) gives exclusive jurisdiction to the district courts over "civil actions on claims against the United States" and 28 U.S.C. § 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Given such, this Court has jurisdiction over the claims asserted in this action, and also has the right to issue writs when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C § 1651.

9. This court also has jurisdiction over this action under 5 U.S.C. § 555(b), the Administrative Procedure Act ("APA"). The APA requires NVC and the Pakistan, Islamabad embassy to carry out their duties within a reasonable time and commands "each agency [to] proceed to conclude a matter presented to it."

10. Jurisdiction is further conferred by 5 U.S.C § 702 (right of review), allowing for judicial review in situations where "a person [suffered] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."

11. Furthermore, 5 U.S.C § 702 (right of review) requires that an "action in a court of the United States seeking relief…stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority

shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C § 706 (scope of review) require "the reviewing court [to] decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed."

## **VENUE**

12. Pursuant to 28 U.S.C. § 1391(e)(1)(c), venue is proper in the Central District of California given Plaintiff is a resident within said jurisdiction and no real property is involved in this action.

## **FACTUAL HISTORY**

13. On March 18, 2026, Plaintiff's I-130 Petition (hereinafter "visa petition") for the Beneficiary was approved by USCIS. *See* I-130 Petition Approval Notice attached hereto as **EXHIBIT "A"**.

14. Plaintiff's visa petition was thereafter transferred to NVC to undergo consular processing. Plaintiff and Beneficiary promptly submitted all necessary forms, fees and documentation to NVC via their Consular Electronic Application Center ("CEAC") portal. *See* CEAC Home Page attached hereto as **EXHIBIT "B"**.

15. On April 27, 2026, Plaintiff and Beneficiary were informed that the aforementioned visa petition was deemed documentarily qualified. *See* CEAC message attached hereto as **EXHIBIT "C"**.

16. To date, the Beneficiary has not been scheduled for her consular interview.

17. Furthermore, Plaintiff has not received any substantial status updates from NVC or the Pakistan, Islamabad embassy regarding the status of his visa petition. Plaintiff has no

other adequate remedy available for the harm he seeks to redress, that being the delay in adjudication of said visa petition.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18. No exhaustion of administrative remedies requirements applies to the action herein. Despite this, Plaintiff has corresponded with his local representative and submitted multiple inquiries in attempts to address the unjust delay in the adjudication of his visa petition – all to no avail. *See* case and hardship inquiries attached hereto as **EXHIBIT "D"**.

**CLAIMS FOR RELIEF**

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Request to Compel Agency to Perform their Duty**
**Pursuant to 28 U.S.C. § 1361**

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.
20. Plaintiff asserts this claim for mandamus relief pursuant to 28 U.S.C. § 1361, which provides this Court authority to compel an agency to perform a duty owed to him.
21. NVC and the Pakistan, Islamabad embassy have a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff's visa petition, which has been duly filed.
22. Plaintiff has completed all necessary steps required for Defendants to adjudicate his visa petition.
23. To date, Plaintiff's visa petition has not been adjudicated.
24. Plaintiff, through undersigned counsel, challenges the inaction of Defendants to adjudicate his visa petition, not its approval or denial.
25. Plaintiff has a clear right to the relief requested in this Complaint and has no alternative or adequate remedies he may utilize to compel NVC and the Pakistan, Islamabad

embassy to perform their duties owed to him.

26. As a result of such, Plaintiff has suffered and will continue to suffer damages, that being mental distress and legal fees, as a result of Defendants failure to complete their duties in a timely manner.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Unreasonable Agency Delay and Failure to Act**
**Pursuant to APA, 5 U.S.C. §§ 551–559**

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

28. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702.

29. Under the APA, NVC and the Pakistan, Islamabad embassy both have a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's visa petition for Beneficiary within a reasonable time.

30. 5 U.S.C § 551(7) defines "adjudication" as an agency's "process for the formulation of an order." An "order," in turn, is defined in 5 U.S.C § 551(6) as "the whole or a part of a *final disposition*, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter." Accordingly, Defendants are required to formulate a final disposition in Plaintiff's visa petition, or in the alternate, provide a definitive time frame for said adjudication to take place.

31. The APA provides that this Court "*shall*…compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (emphasis added). Agency action includes a failure to act under 5 U.S.C. § 551(13). The APA obligates Defendants to complete these nondiscretionary actions within a "reasonable time." 5 U.S.C. § 555(b).

32. To date, Defendants have failed to adjudicate Plaintiff's visa petition despite having

ample time and all necessary forms, documents and fees.

33. As a result of Defendants unreasonable delay and failure to adjudicate the visa petition referenced herein in a timely manner, Plaintiff has suffered and will continue to suffer damages, that being mental distress and legal fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;
2. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact scheduled Beneficiary's consular interview, have adjudicated Plaintiff's visa petition referenced herein and have communicated the results of such decision to Plaintiff, undersigned counsel, and the Court;
3. Declare the Defendants' delay in the scheduling of Beneficiary's consular interview and adjudication of Plaintiff's visa petition as a violation of the Mandamus Act and APA and as arbitrary and capricious;
4. Compel the Defendants and those acting under them to take all appropriate action to schedule Beneficiary's consular interview and adjudicate the Plaintiff's visa petition without further delay;
5. Grant attorney's fees and costs of court to Plaintiff under the Equal Access to Justice Act ("EAJA") and pursuant to 28 U.S.C. § 2412;
6. Grant such other and further relief as this Court deems necessary proper.

Dated: September 29, 2026

Respectfully submitted,

/s/________________________________________

Gehad Abdelrehim, Esq.*
NY Bar: 6161780
DAVIS NDANUSA IKHLAS & SALEEM LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Email: gabdelrehim@dnislaw.com
Tel: (718) 783-6819

*/s/ Ban Al-Wardi*
Ban Al-Wardi, Esq.
CA Bar: 204607
Law Office of Ban Al-Wardi
4030 Palos Verdes Drive North, Suite 200
Rolling Hills Estates, CA 90274
Tel: 310-544-9827
Email: ban@alwardilaw.com
*Counsel for Plaintiff*

**pro hac vice application to be filed*